UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                    Plaintiff-Respondent,                          Case No. 1:08-cr-119-3

v.                                                                 HON. JANET T. NEFF

RAJINDER SINGH,

                    Defendant-Movant.
_____/


## OPINION

Pending before the Court is Defendant Rajinder Singh's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 316), filed approximately five months beyond the expiration of the one-year limitations period for filing a § 2255 motion in this case.  The government filed a Response in opposition (Dkt 321).  For the following reasons, the Court determines that Rajinder Singh's untimely § 2255 motion is properly denied.

## I.  BACKGROUND

On September 3, 2008, Rajinder Singh, one of six co-defendants charged in this case, pled guilty to conspiracy to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), and 841(b)(1)(A)(ii) (Dkt 100).  Sentencing was held April 20, 2009.  Pursuant to U.S. SENTENCING GUIDELINES (U.S.S.G.) § 5K1.1, the government moved for a downward departure based upon Rajinder Singh's substantial assistance in the investigation and prosecution of others (Dkt 192).  The Court granted the motion and departed downward by four levels.  The departure resulted in adjusting Rajinder Singh's sentencing guidelines range from 188-235 months'

incarceration to a range of 121-151 months' incarceration.  This Court sentenced Rajinder Singh to 120 months' incarceration; 5 years on supervised release; a $4,500 fine; and a $100 special assessment.  Rajinder Singh was advised at Sentencing of his right to appeal (Dkt 212, Acknowledgment of Receipt of Appeal Package; Dkt 316, Def. Aff. at ¶ 15).  Judgment was entered April 21, 2009 (Dkt 214).  Rajinder Singh did not appeal the Judgment.  Rajinder Singh's trial attorney, Michael Dunn, attests that Rajinder Singh did not ask him to file a Notice of Appeal (Dkt 321-1, Dunn Aff. ¶¶ 9, 12).

On October 6, 2010, Rajinder Singh filed this § 2255 motion.  Rajinder Singh does not dispute that his motion is untimely filed but contends that the one-year limitations period applicable to § 2255 motions should be equitably tolled because "the tardiness [of his § 2255 Motion] can't be blamed on [him]" (Dkt 316, Def. Mem. of Law at 13).

The government responds that Defendant is not entitled to any relief because his motion is time-barred and not subject to equitable tolling (Dkt 321 at 7-12).  Further, the government asserts that the record does not support Rajinder Singh's claim that the government assured him he would receive a five-year sentence for his cooperation (*id.* at 12-17).  Last, citing *United States v. Ridge,* 329 F.3d 535, 541 (6th Cir. 2003), the government asserts that the ground Rajinder Singh wanted to appeal–the extent of the Court's downward departure based upon substantial assistance to the government–is not an issue even reviewable by the Court of Appeals (*id.* at 17-20).

On May 4, 2011, this Court granted Rajinder Singh's pro se Motion Requesting Permission from the Court to File Reply to the Government's Response (Dkts 325, 329).  The Court provided Rajinder Singh twenty-eight days during which he could file a Reply to the government's Response to his § 2255 motion.  Rajinder Singh did not thereafter file a Reply.

2

The Court has carefully reviewed the motion papers and determined that an evidentiary hearing is unnecessary to the resolution of this motion.  For the reasons stated below, the files and records in this case conclusively show that Rajinder Singh's time-barred motion entitles him to no relief under 28 U.S.C. § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  *See* 28 U.S.C. § 2255(b); RULES GOVERNING § 2255 PROCEEDINGS, Rule 8.

## II.  ANALYSIS

Section 2255 provides that, except in circumstances not present or asserted here, the one-year limitations period for filing a § 2255 motion begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).  As a general matter, convictions become final upon conclusion of direct review.  *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)).  "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."  *Id.*

At the time Rajinder's Singh's April 21, 2009 Judgment was entered, Rule 4 of the Federal Rules of Appellate Procedure provided that a defendant's notice of appeal must be filed in the district court within 10 days after the entry of judgment.  FED. R. APP. P. 4(b)(1).  With the exclusion of intermediate Saturdays and Sundays, as directed by the then current versions of FED. R. APP. P. 26(a) and FED. R. CRIM. P. 45(a), Rajinder Singh's April 21, 2009 Judgment became final on May 5, 2009.  Accordingly, the one-year limitations period to file a § 2255 motion expired on May 5,

2010.  Rajinder Singh's § 2255 motion, filed on October 6, 2010, is therefore barred by the statute of limitations.

While § 2255's one-year limitations period is subject to equitable tolling, the equitable tolling doctrine is to be applied "sparingly."  *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).  The United States Supreme Court has instructed that a party seeking equitable tolling bears the burden of demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Jefferson v. United States*, 392 F. App'x 427, 433 (6th Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

In the Sixth Circuit, courts determining whether to apply equitable tolling consider the following five factors identified in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988): "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."  *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).  *See, e.g., Jefferson,* 329 F. App'x at 433 (applying the five factors).[1]  These five factors are not necessarily comprehensive, nor is each factor relevant in every case. *Jefferson,* 329 F. App'x at 433

---

[1]Like the opinion in *Jefferson,* most opinions this Court reviewed employ the two-part test set forth in *Lawrence* in conjunction with the five *Andrews* factors in determining whether to apply equitable tolling.  However, the Court notes that in a recent unpublished decision, the Sixth Circuit indicated in a footnote that requests for tolling were properly reviewed under the two-part test from *Lawrence,* apparently to the exclusion of the five factors from *Andrews.  See Robinson v. Easterling,* No. 09-5447, 2011 WL 1977272, at *4 n.1 (6th Cir. May 20, 2011) ("Prior to *Holland* [*v. Florida,* 130 S. Ct. 2549, 2562 (2010)], this Court considered five factors when determining whether to toll the AEDPA statute of limitations . . . However, *Holland* clarified that requests for tolling under AEDPA are reviewed under a two-part test.").  As indicated in the text of this Opinion, Rajinder Singh's request for tolling is properly denied under both the two-part test from *Lawrence* and the relevant *Andrews* factors.

(citing *Solomon, supra*).  Where, as here, the party seeking equitable tolling does not claim ignorance of the filing requirement, the focus of the inquiry is on the third and fifth factors:  the party's diligence in pursuing one's rights and the reasonableness of remaining ignorant of the legal requirement for filing.  *Id.* (citing *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004)).  "[T]he decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Solomon, supra* (quoting *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

Rajinder Singh contends that his "attorney malfeasance constitutes an extraordinary circumstance sufficient to warrant equitable tolling of the one year period of limitation" as "the tardiness [of his § 2255 Motion] can't be blamed on [him]" (Dkt 316, Def. Mem. of Law at 13).  He claims that he "found out after the year to file the § 2255 petition had expired that Counsel Michael J. Dunn, never filed the notice of appeal as instructed to do so" (Dkt 316, Def. Aff. ¶ 18).

An attorney's failure to comply with professional standards of conduct may constitute an extraordinary circumstance warranting relief.  *Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir. 2010) (citing *Holland v. Florida*, ___ U.S. ___; 130 S. Ct. 2549, 2562-65 (2010); *Gordon v. England*, 354 F. App'x 975, 980 (6th Cir. 2009)).  However, even assuming arguendo that Rajinder Singh's attorney impeded the pursuit of direct review of his conviction, Rajinder Singh does not demonstrate how his attorney obstructed pursuit of this *collateral* action to challenge his conviction.

Rajinder Singh also submits that he had to "wait several months for the Institution Law Library clerks [to] assist him in preparing the 2255 petition due to the inmate overcrowding" (Dkt 316, Def. Mem. of Law at 9).  This assertion is similarly unavailing because limited access to a prison's law library does not alone constitute a circumstance sufficient to justify tolling of the one-year limitations period.  *See United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003);

5

*Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002); *see also Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)).

Moreover, both the two-part test set forth by the Supreme Court in *Lawrence* and the relevant factors from *Andrews* make clear that a request for equitable tolling should be denied where the requesting party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance. *See Robinson v. Easterling*, No. 09–5447, 2011 WL 1977272, at *4 (6th Cir. May 20, 2011) (holding that the misconduct of the petitioner's attorney did not constitute an extraordinary circumstance warranting relief where the petitioner failed to exercise his independent duty to stay informed about his case status and protect his rights); *Dunlap*, 250 F.3d at 1008 ("statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence."). *Cf. Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Rajinder Singh has not demonstrated that he has been diligently pursuing his rights. As the government points out, Rajinder Singh was "clearly aware" of the one-year limitations period for § 2255 motions as evidenced by his April 2, 2010 letter to the Court (Dkt 305), in which he asked for a continuance to file his motion as he was "still gathering documents" (Resp., Dkt 321 at 10). Rajinder Singh's request, made near the end of the one-year limitation period, does not evince diligent preparation for the timely submission of a § 2255 motion. Indeed, Rajinder Singh's subsequently filed § 2255 motion does not include or reference any documents.

In sum, Rajinder Singh has not set forth any extraordinary circumstance that may have prevented him from filing his § 2255 motion and has not provided a satisfactory explanation for his failure to timely file the motion at bar. The Court therefore determines that this case does not constitute one of the rare occasions in which application of equitable tolling is appropriate.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Rajinder Singh. RULES GOVERNING § 2255 PROCEEDINGS, Rule 11; *see also Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Rajinder Singh's motion should be denied on the ground that it

is time-barred by the limitations period in 28 U.S.C. § 2255(f).  As such, a certificate of appealability will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 316) is properly denied.  An Order consistent with this Opinion will enter.


DATED: July 8, 2011                            /s/ Janet T. Neff          
                                             JANET T. NEFF
                                             United States District Judge